**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00448-CR**
_____

**BRIAN EDUARDO NELSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

___

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 24-08-12559**

___

**MEMORANDUM OPINION**

A grand jury indicted Appellant Brian Eduardo Nelson ("Appellant" or "Nelson") for assault family violence impeding breath or circulation enhanced by a prior conviction for assault family violence, a second-degree felony. *See* Tex. Penal Code Ann. § 22.01(b-3). Nelson pleaded "not guilty" to the offense. The jury found Nelson guilty of the offense, and sentenced Nelson to twenty years of confinement. Nelson timely filed an appeal.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Nelson to file a pro se brief, and we received no response from Nelson.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

---

[1] Nelson may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on May 29, 2026
Opinion Delivered June 3, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.